By the Court.
The general assembly, by the several acts passed February 18, 1862 (59 O. L. 9), March 21, 1868 (60 0. L. 18), and February 25, 1864 (61 0. L. 15), assess , a tax of specified rate on the dollar valuation of the taxable property of the state, for the relief of the necessities of the families of soldiers and marines in the state and United States service, and provide that it shall be collected in the same manner as other state taxes are collected. The same acts provide for an enumeration to be taken by the assessors, of all the soldiers and marines in the service of the state or United States, from the several wards, election districts and townships, designating those who have families, and those who have not, and naming such families as are necessitous. This enumeration to be returned to the county auditors, and by them to the auditor of state. The acts further provide that the auditor of state shall open proper accounts with each county in the state, and apportion the funds so raised upon state levy, according to the enumeration and returns made to him by the several county auditors, and pay over the same to the county treasurers at their semi-annual settlement with the state. The funds thus paid into the county treasuries are placed under the control of the county commissioners, to be apportioned to the several wards, election districts and townships, according to the necessities of the families as returned in the enumeration made to the county auditors, etc. Held—
1. The specific levy thus made by the general assembly upon the taxable property of the state, is a state tax, wdthin the meaning of section 17 of the act of February 18,1804, *483 “ establishing a university in the town of Athens,” (Swan’s Land Laws, 266 et seq.), which provides that the lands of two tow'nships in Athens county, by that act vested in the Ohio University, and, thereunder, leased for ninety-nine years, renewable forever, should forever thereafter be exempt from all “ state taxes.”
2. The apportionment and payment of this fund by the auditor of state to the several counties, are public official duties enjoined upon him by law, and are in no wise dependent upon the question whether the county authorities have or have not failed, or refused to assess the tax upon a portion of the taxable property of the county. This fund raised upon state levy is disbursed, under these relief laws, through the agency of county and township organizations, but the matter is one between the state and the needy families of her soldiers and marines as specified and enumerated.
3. The fact that the auditor of Athens county failed and refused to levy the tax in question, upon the leased lands of the two townships of the university, can not affect the right of that county, under the relief laws mentioned, to be paid by the auditor of state, the full amount of the relief fund apportioned by him to that county for the benefit of the families of soldiers and marines therein enumerated, and returned to him.
The fund is distributed among the several counties, not on the basis of their respective contributions to the fund, but on the basis of the number of necessitous families of soldiers and marines in the counties respectively.
Peremptory mandamus awarded.